J-S16008-23 & J-S16009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                        :          PENNSYLVANIA
                                                         :

                     v.                                   :

BRYAN RICHARD LOVE                  :
                                                         :
             Appellant                       :     No. 2791 EDA 2022

Appeal from the PCRA Order Entered October 25, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002974-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                         :          PENNSYLVANIA
                                                         :

                     v.                                   :

BRYAN RICHARD LOVE                  :
                                                         :
             Appellant                       :     No. 2792 EDA 2022

Appeal from the PCRA Order Entered October 25, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004026-2018

BEFORE:  DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                         **FILED JULY 20, 2023**

Appellant, Bryan Richard Love, appeals *pro se* from the October 25, 2022 Orders entered by the Chester County Court of Common Pleas at Docket Numbers CP-15-CR-0002974-2018 ("Docket No. 2974") and CP-15-CR-0004026-2018 ("Docket No. 4026"), dismissing his petitions filed pursuant to

the Post Conviction Relief Act ("PCRA")[1] as untimely. After careful review, we affirm.

The relevant facts and procedural history in these consolidated cases are as follows.[2] At Docket No. 2974, the Commonwealth charged Appellant with Simple Assault and other charges relating to a May 9, 2018 domestic incident. At Docket No. 4026, the Commonwealth charged Appellant with three counts of Simple Assault and other charges relating to a July 6, 2018 domestic incident involving the same victim as Docket No. 2974. Relevantly, Appellant waived his preliminary hearing before Magisterial District Judge Michael J. Cabry, III ("former MDJ Cabry"), at Docket No. 2974 on August 30, 2018, and at Docket No. 4026 on November 15, 2018.

On March 18, 2019, Appellant entered a negotiated guilty plea to one count of Simple Assault at each docket, and the Commonwealth withdrew the other charges. On the same day, Judge Ann Marie Wheatcraft sentenced Appellant, in accordance with the plea agreement, to 11 1/2-23 months of incarceration and a consecutive term of two years of probation. Appellant did not file a post-trial motion or an appeal at either docket. Accordingly, his judgments of sentence became final on April 17, 2019, 30 days after sentencing. Thus, Appellant had until April 2020 to file timely PCRA Petitions.

---

[1] 42 Pa.C.S. §§ 9541-46.

[2] This Court consolidated these appeals *sua sponte* as the filings and proceedings before the PCRA court were nearly identical.

On December 28, 2020, Appellant *pro se* filed identical, facially untimely PCRA Petitions at each docket. Appellant sought relief based upon the October 2020 disclosure of former MDJ Cabry's criminal acts.[3] Court-appointed PCRA counsel filed identical **Turner**/**Finley**[4] No-Merit letters and motions to withdraw as counsel on March 23, 2022, at each docket. After review, the PCRA Court issued Pa.R.A.P. 907 Notices of Intention to Dismiss on May 31, 2022, which differed only as to the relevant facts and intervening parole violations at Docket No. 4026. Appellant filed separate but identical responses in June 2022.

The PCRA Court dismissed both PCRA Petitions as untimely for failure to meet the newly-discovered fact exception on October 25, 2022. In the same orders, the court also denied Appellant's request for discovery relating to former MDJ Cabry's criminal proceedings and granted counsel's motion to withdraw. Appellant filed separate notices of appeal on October 31, 2022, which were identical other than the docket number. Subsequently, Appellant and the PCRA Court complied with Pa.R.A.P. 1925(a).

Before this Court, Appellant raises *pro se* the following questions at both dockets:

---

[3] As stated by the PCRA Court, former MDJ Cabry pled guilty to theft by unlawful taking and several election law violations related to his improper use of campaign funds on September 22, 2021. PCRA Ct. Ops., 12/29/22, at 4 (citing **Commonwealth v. Cabry, III**, CP-15-CR-3380-2020).

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

1. Did the PCRA Court err when it dismissed [Appellant's] PCRA Petition?

2. Are the fundamental principles of the Constitution under the 5th, 6th, and 14th Amendments and Article I section 9 of the PA Const. willing to find confidence, trust, integrity, and validity under the judicial powers of Michael Cabry, III, after he began to commit crimes (de facto) but before he was caught, arrested and convicted (de jure)?

3. Did the PCRA court err when it dismissed [Appellant's] PCRA Petition for being untimely after the court did previously concede and admit that the Petition was timely filed under an exception of "previously unknown fact[,]" 42 Pa.C.S. § 9545(b)(1)(ii)?

4. Did the PCRA Court err by adding a "prejudice requirement" to the jurisdictional time exception rule under 42 Pa.C.S. § 9545(b)(1)(ii)?

5. Was [Appellant's] right to procedural and substantive due process violated under the appearance of judicial impropriety when Judge Cabry began committing crimes on Nov. 13, 2016, and then thereafter authorized [Appellant's] arrest warrants, and authorized a waiver of his preliminary hearing?

6. Whether Judge Cabry's Judicial Authority became invalid once he began committing crimes on Nov. 13, 2016?

7. Whether [Appellant's] arrest warrants, that were authorized by Judge Cabry, are retroactively illegal or void under the appearance of judicial impropriety and corruption, after Judge Cabry pled guilty to committing crimes beginning Nov. 13, 2016?

8. Did Michael J. Cabry, III, have juratical [sic] and juridical authority to authorize [Appellant's] arrest warrants and waiver of preliminary hearing after Cabry began committing crimes on Nov. 13, 2016?

9. Is Judge Cabry's juratical [sic] and juridical power and authority void from the date when he admitted to committing his first crime on Nov. 13, 2016, as a matter of judicial impropriety and corruption?

Appellant's Briefs at 2 (unnecessary capitalization omitted).[5]  As summarized by the trial court, Appellant broadly claims that the PCRA court erred in finding "that Appellant did not meet his burden to show an exception to the timeliness provisions of the [PCRA] when it determined there was no nexus between the newly discovered facts and Appellant's case."  PCRA Ct. Ops., 12/29/22, at 3.

**A.**

In reviewing a PCRA court's denial of relief, we determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error."  ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020).  "The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court."  ***Id.***  While we are bound by the PCRA court's factual findings if supported by the record, we review its legal conclusions *de novo*.  ***Id.***

For a PCRA court or this Court to have jurisdiction to address the merits of a PCRA petition, the petitioner must file the petition within one year of when his or her sentence becomes final or satisfy one of the three exceptions to the jurisdictional time-bar.  42 Pa.C.S. § 9545(b)(1); ***Commonwealth v.***

---

[5] Appellant does not divide his argument "into as many parts as there are questions to be argued" as required by Pa.R.A.P. 2119.  While we may dismiss a case for failure to abide by the briefing requirements, we decline to do so in this case as the defect does not impede our review.  ***See*** Pa.R.A.P. 2101.  We find, however, that Appellant waived any claims relating to the PCRA court's denial of his request for discovery by not including that issue in the questions presented.  Pa.R.A.P. 2116.

***Monaco***, 996 A.2d 1076, 1079 (Pa. 2010). As Appellant did not file an appeal, his sentence became final thirty days after his judgment of sentence. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). For claims such as Appellant's arising after December 24, 2017, any petition invoking a timeliness exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." ***Commonwealth v. Reid***, 235 A.3d 1124, 1144 (Pa. 2020) (citation omitted).

In this case, Appellant admits that his petition is facially untimely but contends that he meets the exception for newly-discovered facts set forth in 42 Pa.C.S. § 9545(b)(1)(ii). The newly discovered fact exception applies where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." ***Id.*** The Pennsylvania Supreme Court has "explained that the exception set forth in Section 9545(b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception only requires a petitioner to prove that the facts were unknown to him and that he exercised due diligence in discovering those facts." ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016) (internal citations and quotation marks omitted).

This Court has interpreted Section 9545(b)(1)(ii) as mandating that "there be some relationship between" the newly-discovered facts and the claims asserted by the petitioner. ***Commonwealth v. Shannon***, 184 A.3d

1010, 1017 (Pa. Super. 2018).[6] To explain this requisite nexus, the Court has observed that a petitioner cannot satisfy the newly-discovered fact exception by claiming that he recently discovered that the "the Houston Astros won the 2017 World Series" without showing how this fact matters in regard to the claim he asserts in his PCRA. *Commonwealth v. Robinson*, 185 A.3d 1055, 1061-62 (Pa. Super. 2018) (*en banc*).

**B.**

Appellant seeks to void his convictions, asserting that because former MDJ Cabry committed crimes in 2016, he did not have judicial authority to preside over Appellant's 2018 cases. Appellant's Brs. at 5. He claims that he meets the newly-discovered fact exception to the PCRA's jurisdictional time-bar based upon the October 2020 disclosure of former MDJ Cabry's crimes. Appellant challenges the PCRA court's insertion of a "'prejudice prong' into the

---

[6] In *Shannon*, this Court relied upon the Supreme Court's expressions in *Commonwealth v. Chmiel*, 173 A.3d 617 (Pa. 2017). *Shannon*, 184 A.3d at 1017. In more recent decisions, the Supreme Court has divided evenly in defining the contours of the requisite relationship between the asserted newly discovered fact and the claim presented. *Compare Commonwealth v. Fears*, 250 A.3d 1180, 1189 (Pa. 2021) (Mundy, J., Opinion in Support of Affirmance ("OISA")) ("While the law provides that Appellant need not provide a nexus between the newly discovered fact and his conviction, he still must provide a connection between the fact and his underlying claim."), *with id.* at 1201 (Wecht, J., Opinion in Support of Reversal) (faulting the OISA for "effectively impos[ing] a heightened nexus requirement by engaging in a merits-based inquiry under the guise of a timeliness analysis"); *see also Commonwealth v. Robinson*, 204 A.3d 326 (Pa. 2018). Absent binding guidance, we apply this Court's precedent in *Shannon*.

language of 42 Pa.C.S. § 9545(b)." *Id*. at 10. After careful review, we affirm the PCRA court's dismissal of Appellant's PCRA Petitions as untimely.

Applying the newly-discovered fact exception of Section 9545(b)(1)(ii), the PCRA court properly opined that, by filing his PCRA Petitions in December 2020, Appellant filed within one year of the October 2020 disclosure of information regarding former MDJ Cabry's criminal activity. PCRA Ct. Ops. at 4-5. While the PCRA court in its orders denying Appellant's PCRA Petitions improperly phrased its reasoning in terms of whether "prejudice attached to [Appellant] from [former MDJ Cabry's] criminal actions[,]" the court in its Pa.R.A.P. 1925(a) Opinions correctly reasoned that former MDJ Cabry's criminal acts, involving his illegal use of campaign funds, lack the requisite relationship to Appellant's simple assault and related charges. PCRA Ct. Orders, 10/25/22, at 2 n.1; PCRA Ct. Ops. at 5. The court emphasized that the charges against former MDJ Cabry did not challenge the validity of his judicial election. PCRA Ct. Ops. at 5.

We agree. While Section 9545(b) does not include a "prejudice" requirement, the statute nevertheless applies where the "claim is predicated" on the newly discovered fact, which this Court has repeatedly interpreted to require a relationship between the fact and the underlying claim. 42 Pa.C.S. § 9545(b)(1)(ii); *Shannon*, 184 A.3d at 1017. As the PCRA Court found, Appellant fails to demonstrate the requisite connection between the newly

discovered fact of former MDJ Cabry's criminal activity and Appellant's claim that his sentence should be vacated and the charges dismissed.[7]

Accordingly, as Appellant did not satisfy an exception to the PCRA's jurisdictional time-bar, we affirm the PCRA court's dismissal of Appellant's Petitions as untimely.

Orders affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *7/20/2023*

---

[7] We reject as inapt Appellant's reliance on cases that do not involve the PCRA's jurisdictional time-bar.  Moreover, the cases cited by Appellant involve a clear connection between the actions of the judge and the pending case, unlike Appellant's case which is devoid of such nexus.  *See In re Lokuta*, 11 A.3d 427, 436 (Pa. 2011) (summarizing *Malinowski v. Nanticoke Micro Technologies, Inc.*, 2010 Pa. LEXIS 1372, at *5 (Pa. June 24, 2010)); *In Int. of McFall*, 617 A.2d 707, 713 (Pa. 1992).